NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                      :
                                                            :    Chapter 7
    CAZELL BENTON,                        :
                                                            :    Case No. 24-10834 (JLG)
                                                            :
                   Debtor. :
------------------------------------------------------------x

**MEMORANDUM DECISION RESOLVING THE OBJECTION TO THE**
**DEBTOR'S 11 U.S.C. § 362(*l*)(1) CERTIFICATION**

**APPEARANCES:**[1]

Cazell Benton
*Appearing Pro Se*
1600 Broadway, Unit PH3D
New York, New York 10019

LAW OFFICES OF FRED L. SEEMAN
*Attorneys for Meghila LLC*
32 Broadway, Suite 1214
New York, New York 10004
By:    Fred. L. Seeman

---

[1] On the eve of the scheduled hearing on the Objection, the Debtor advised that he could not attend the hearing due to illness.  The Court is resolving this matter on the papers submitted by the parties.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[2]

Cazell Benton (the "Debtor") is a pro se debtor who filed a petition for relief under chapter 7 of the Bankruptcy Code. He resides in condominium unit PH3D located at 1600 Broadway, New York, New York 10027 (the "Premises") with his wife, Myriam Chalek ("Chalek")[3] and his mother-in-law, Djahida Chalek ("Djahida"). Chalek—not the Debtor—is the tenant of record under the Lease for the Premises. Prior to the Petition Date, the Lease expired and, in an action (the "Ejectment Action")[4] pending against the Debtor, Chalek and Djahida (collectively, the "Defendants") in the New York State Supreme Court, New York County (the "State Court"), the Landlord obtained a final judgment of possession for the Premises against the Debtor.

Under section 362(b)(22) of the Bankruptcy Code, the automatic stay under section 362(a)(3) does not apply to a lessor that obtains a judgment of possession against a debtor occupying residential property as a tenant under a lease or rental agreement. Section 362(*l*) provides limited relief from the application of section 362(b)(22) to such a debtor who, with the bankruptcy petition, files a certification under penalty of perjury that (i) under applicable nonbankruptcy law, the debtor is permitted to cure the entire monetary default that gave rise to the judgment of possession, and (ii) the debtor has deposited with the clerk of the bankruptcy court any rent that would become due during the 30-day period after the filing of the petition. If the

---

[2] Capitalized terms not defined in the Introduction shall have the meanings ascribed to them herein.

[3] Chalek is the debtor in a chapter 7 proceeding in this Court. *See In re Chalek*, No. 24-10593 (Bankr. S.D.N.Y. filed Apr. 8, 2024).

[4] *See Meghila LLC v. Chalek*, No. 158373/2021 (N.Y. Sup. Ct. filed Sept. 10, 2021). References to "NYSCEF No. __" are to documents filed on the electronic docket in the Ejectment Action.

2

debtor files a certification that the Court finds fails to comply with section 362(*l*), the lessor is entitled to immediate relief from the automatic stay.

Four days after the Petition Date, the Debtor, purporting to comply with section 362(*l*) of the Bankruptcy Code, filed an Official Form 101A, Initial Statement About an Eviction Judgment Against You (the "Certification")[5] herein. The matter before the Court is the Landlord's objection to the Certification and its request for a determination that, pursuant to section 362(b)(22), the automatic stay does not bar its continued prosecution of the Ejectment Action against the Debtor (the "Objection").[6] The Debtor filed a response to the Objection (the "Response").[7] He also filed a further response to the Objection in which he reiterated many of the arguments in the Response.[8]

The Landlord holds a final judgment of possession for the Premises against the Debtor. However, the judgment is not on account of the Debtor's monetary default under the Lease, and the Debtor is not a tenant under the Lease. Therefore, section 362(b)(22) is not applicable to the Landlord's prosecution of the Ejectment Action against the Debtor, and neither the Landlord nor the Debtor is entitled to relief under section 362(*l*). The Court overrules the Objection and denies the Landlord's request for relief under section 362(*l*).

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States

---

[5] *Initial Statement About an Eviction Judgment (Official Form 101A),* ECF No. 6. References to "ECF No. __" are to documents filed on the electronic docket in this proceeding, Case No. 24-10834.

[6] *Meghila LLC's Objection to Debtor's Section 11 U.S.C. § 362(l)(1) Certification*, ECF No. 15.

[7] *Objection to Meghila LLC's Objection to Debtor's Section 362(l)(1)*, ECF No. 22.

[8] *Debtor's Objection to Meghila LLC's Objection to Debtor's Section 362(l)(1) Certification and Request to Confirm No Automatic Stay Is in Effect*, ECF No. 27.

3

District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**Background**

Meghila LLC (the "Landlord") owns the Premises. Chalek entered into possession of the Premises pursuant to a written lease agreement dated April 10, 2019, which expired by its terms on May 8, 2021 (the "Lease").[9] The Debtor is an occupant of the Premises but is not a party to the Lease.

In September 2021, the Landlord commenced the Ejectment Action against Chalek in the State Court based upon her alleged monetary defaults under the Lease. On August 3, 2022, the State Court issued a default judgment in that action against Chalek and awarded the Landlord possession of the Premises and a money judgment in the amount of $199,463.64.[10]

In January 2023, Chalek moved the State Court for an order vacating the default judgment and dismissing the Ejectment Action based, in part, upon the Landlord's failure to name the Debtor and Djahida as defendants in that action. *See* Affidavit in Support ¶¶ 3-7.[11] Chalek argued that the Debtor and Djahida were necessary parties to the action because they were occupying the

---

[9] The Lease is annexed as Exhibit A to the Objection. The Court takes judicial notice of the Lease and documents publicly filed on the electronic dockets of related cases. *Casler v. W. Irondequoit Sch. Dist.*, 563 F. Supp. 3d 60, 67 (W.D.N.Y. 2021) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (alteration and omission in original)); *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023) ("Courts in this District routinely take judicial notice . . . of public filings . . . including filings made on court dockets."); *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022) (holding that on a motion to dismiss, courts can consider "(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." (quoting *LeChase Constr. Servs., LLC v. Escobar Constr., Inc.*, No. 18-cv-1021, 2019 WL 2743637, at *6 & n.4 (N.D.N.Y. July 1, 2019))).

[10] The judgment is annexed as Exhibit B to the Objection.

[11] *Affidavit in Support*, NYSCEF No. 108 (the "Affidavit in Support").

4

Premises. *Id.* ¶¶ 3-7, 10-17. The Landlord opposed Chalek's motion and cross-moved, seeking an order confirming that the sheriff can proceed to evict all occupants of the Premises, including the Debtor and Djahida, based on the default judgment against Chalek. *See* January Affidavit ¶¶ 3, 28-30.[12] Alternatively, the Landlord cross-moved to join the Debtor and Djahida as defendants to the Ejectment Action if the State Court determined they were necessary parties. *Id.* ¶ 3. On April 25, 2023, the State Court denied Chalek's motion to dismiss, finding "Myriam Chalek was the only signatory to the lease and therefore the alleged occupants [the Debtor and Djahida] are not necessary parties under CPLR 1001." *See* April Order at 1 (citations omitted).[13] The State Court granted the cross-motion to the extent that it sought to join the Debtor and Djahida as defendants "as due process requires that they be served with the summons in this action in order for the ejectment to be effective as against them." *Id.* Chalek appealed the April Order to the Supreme Court of the State of New York Appellate Division, First Judicial Department.[14] *See* Notice of Appeal, NYSCEF No. 152. That appeal is pending.

On July 17, 2023, the Landlord moved for summary judgment against the Debtor in the Ejectment Action. By Decision and Order filed on October 17, 2023 (the "October Order"),[15] the State Court granted the Landlord's motion "to the extent that [Landlord] is entitled to retake possession of the [P]remises." October Order at 2. The State Court further determined that (i) the Landlord was entitled to possession of the Premises as against the Debtor, and (ii) the Landlord could exercise all acts of possession and ownership of the Premises, including entry therein as

---

[12] *See Affidavit in Opposition to Defendant's Fourth OSC and in Support of Cross Motion*, NYSCEF No. 118 (the "January Affidavit").

[13] *Decision and Order on Motion*, NYSCEF No. 146 (the "April Order").

[14] *See Meghila LLC v. Chalek*, No. 2023-03439 (N.Y. App. Div. 1st Dep't filed July 12, 2023).

[15] The October Order is annexed as Exhibit C to the Objection.

5

against the Debtor. *Id.* at 2-3. Defendants' appeal of the October Order is pending.[16] *See* Notice of Appeal, NYSCEF No. 201.

On May 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court (the "Petition").[17] In the Petition, the Debtor declared that he rents his residence and that his landlord has not obtained an eviction judgment against him. *See* Petition, Part 2, ¶ 11.

On May 14, 2024, the Debtor filed the Certification, in which he states:

(i) Claimant's landlord, Kumar Cidambi, has a judgment for possession in an eviction, unlawful detainer action, or similar proceeding against the Debtor to possess his residence;

(ii) under the state or other nonbankruptcy law that applies to the judgment of possession, the Debtor has the right to stay in his residence by paying the landlord the entire delinquent amount; and

(iii) the Debtor has given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after Debtor filed the Voluntary Petition for Individuals Filing for Bankruptcy (Official Form 101).

On May 28, 2024, the Debtor filed his amended chapter 7 petition (the "Amended Petition").[18] In it, the Debtor declared that he rents his residence, but did not provide an answer

---

[16] *Meghila LLC v. Chalek*, No. 2023-05526 (N.Y. App. Div. 1st Dep't filed Nov. 2, 2023).

[17] *Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 1. This is the Debtor's second chapter 7 case. In November 2023, he filed a joint chapter 7 case with Chalek in the United States Bankruptcy Court for the Eastern District of New York. *See In re Myriam Chalek Chalek and Cazell Benton*, No. 23-44193 (Bankr. E.D.N.Y. filed Nov. 16, 2023). References to "EDNY ECF No. __" are to electronically filed documents on the docket in Case No. 23-44193. On November 26, 2023, the court filed an order to show cause why the case should not be dismissed for failure to file a mailing matrix. EDNY ECF No. 7. A hearing was scheduled for January 11, 2024. *Id.* On December 18, 2023, the Clerk of the Court filed a final notice of section 521 deficiencies. EDNY ECF No. 13. On January 2, 2024, the Clerk's office filed a request for judicial determination on dismissal under section 521(i). EDNY ECF No. 15. On January 3, 2024, the Court entered an order directing dismissal of the case under section 521(i)(1). EDNY ECF No. 16. On January 24, 2024, the case was closed. EDNY ECF No. 19.

[18] *Amended Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 12.

6

as to whether his landlord has obtained an eviction judgment against him. *See* Amended Petition, Part 2, ¶ 11.

On May 30, 2024, the Landlord filed the Objection.

On June 10, 2024, the Clerk of the Court entered a Notice of Compliance[19] in this case. In part, the notice states:

> At the time of filing, the debtor filed a voluntary petition and an initial statement listing Kumar Cidambi of 9 Krams Trl Bound Brook, [sic] NJ 08805 (hereinafter referred to as the landlord) as the landlord of the premises in which the debtor resides under a lease or rental agreement. In the initial statement, the debtor certified that such landlord obtained a judgment of possession with respect to the premises.
>
> The debtor has complied with 11 U.S.C. § 362(*l*)(1) and Local Rule 4001−1.1, in that the debtor has submitted to the clerk's office, along with the petition, the following: (a) a certified or cashier's check or money order, *made payable to the* landlord, in the amount of $8000.00 which the debtor certifies is the amount of rent that is to become due during the 30-day period following the filing of the debtor's voluntary petition, and (b) Official Form 101A [*Initial Statement About an Eviction Judgment Against You*].

Notice of Compliance at 1.

On June 24, 2024, the Debtor filed the Response, in which he objects to the Landlord's objection. On June 26, 2024, the Debtor supplemented his Response.

## **Applicable Legal Principles**

Under section 362(a)(3) of the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The purpose of this provision "is to protect the estate from direct action taken by creditors against a debtor's real or personal property, and to prevent an uncontrolled scramble to liquidate the estate." *In re Cont'l*

---

[19] *Notice of Compliance and Intent to Cure Pre-Petition Judgment of Possession Pursuant to 11 U.S.C. § 362(b)(22) and 362(l),* ECF No. 17 (the "Notice of Compliance").

*Airlines, Inc.*, 61 B.R. 758, 777 (Bankr. S.D. Tex. 1996); *see Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Department Stores, Inc.)*, 542 B.R. 121, 153 n.144 (Bankr. S.D.N.Y. 2015) ("[T]he purpose of section 362(a)(3) . . . is to protect the assets subject to the bankruptcy court's *in rem* jurisdiction.").

Section 362(b)(22) provides a limited exception to the application of section 362(a)(3). It states that, subject to section 362(*l*), the commencement of a case under the Bankruptcy Code does not operate as a stay under section 362(a)(3) of:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22). "The default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date." *In re Williams*, 646 B.R. 399, 402 (Bankr. S.D.N.Y. 2022).

Section 362(*l*) provides limited relief to certain debtors from the application of section 362(b)(22). Section 362(*l*)(5)(A) states that "[w]here a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor . . . on the petition." 11 U.S.C. § 362(*l*)(5)(A). If the debtor complies with that directive, section 362(b)(22) will not apply until 30 days after the debtor's petition is filed, provided that the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that:

> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and

8

>  (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of
> the court, any rent that would become due during the 30-day period after the filing
> of the bankruptcy petition.

11 U.S.C. §362(*l*)(1); *see In re Alberts*, 381 B.R. 171, 177 (Bankr. W.D. Pa. 2008) ("Section 362(*l*) of the Code operates as a safe harbour precluding the termination of the stay [under section 362(b)(22)] in instances where . . . the judgment for possession was obtained as a result of monetary defaults of the debtor . . . ."). Taken together, sections 362(b)(22) and (*l*)(1) "provide that unless a debtor certifies that she can cure a monetary default that gave rise to a landlord's prepetition judgment of possession, the automatic stay does not come into effect with respect to the continuation of an eviction or similar proceeding upon the filing of the debtor's bankruptcy case." *In re Harris*, 424 B.R. 44, 46-47 (Bankr. E.D.N.Y. 2010).

Section 362(*l*)(2) provides that if within 30 days of the petition date the debtor files a further certification that the monetary default giving rise to the judgment of possession is cured under applicable non-bankruptcy law, then the automatic stay under section 362(*l*)(1) will remain in effect beyond the 30-day period following the petition date. 11 U.S.C. § 362(*l*)(2); *see In re Soto*, 500 B.R. 679, 681 (Bankr. S.D.N.Y. 2013) (holding that, if the debtor satisfies section 362(*l*)(1), "the stay is re-imposed for thirty days to allow the debtor to cure the entire default and file a second certification that it has done so").

There are direct consequences to a debtor's failure to file a certification under section 362(*l*)(1) or (2). "[S]ubsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(*l*)(4)(A); *see In re Parker*, No. 08-00278, 2008 WL 2081536, at *2 (Bankr. D.D.C. May 8, 2008) ("The debtor's failure to file the requisite § 362(*l*)(1) certification with his petition

9

immediately triggered the applicability of § 362(b)(22) . . . . The statute, as written, is inflexible with respect to the deadline for filing a § 362(*l*)(1) certification.").

A lessor may object to a certification filed under either subsection 362(*l*)(1) or (2). 11 U.S.C. § 362(*l*)(3)(A). If the court upholds the objection, section 362(b)(22) applies immediately, and the lessor does not need to seek relief from the stay triggered under section 362(a)(3) to complete the process to recover possession of the property. *Id.* § 362(*l*)(3)(B)(i).

### The Objection and Response

The Landlord contends that the Certification is improper. Objection ¶ 16. It maintains that because the October Order against the Debtor is for possession only, and the Lease expired, there are no circumstances under applicable non-bankruptcy law that would permit the Debtor to cure Chalek's monetary default under the Lease. *Id.* ¶ 17. Moreover, it asserts that in contravention of Local Bankruptcy Rule 4001-1.1(a)(2), the Debtor failed to deliver to the Clerk of Court a certified or cashier's check or money order payable to the Landlord. *Id.* ¶¶ 19-20. The Landlord contends that pursuant to section 362(*l*)(3)(B), section 362(b)(22) is applicable, and the Landlord need not seek stay relief under section 362(a)(3) of the Bankruptcy Code to enforce the October Order. Objection at 1.

The Debtor opposes the Objection and asks the Court to determine that the automatic stay is in effect. The Debtor makes four arguments. First, he asserts that section 362(c)(4)(A)(ii) does not apply in this case and cannot be a basis for finding the automatic stay is not in effect. Response ¶ 8. Second, he summarily asserts that the Landlord does not own the Premises, and therefore the Landlord lacks standing to contest the application of the automatic stay. *Id.* Third, he states that, for a number of reasons, his due process rights were violated in the Ejectment Action. *Id.* ¶¶ 4-

10

16. Finally, he contends that the Landlord is not entitled to relief under the Bankruptcy Code. *Id.* ¶ 17.

## Discussion

The Debtor filed the Certification four days after the Petition Date, and, thirty days after the Petition Date, he tendered rent for the 30-day period. Accordingly, the Debtor did not comply with section 362(*l*)(1) of the Bankruptcy Code. *In re Oyarzun,* No. 17-21261, 2017 WL 6550500, at *3 (Bankr. W.D.N.Y. Dec. 21, 2017) ("The plain language of § 362(*l*)(1) ('*with the petition*'), coupled with the plain language of § 362(l)(4)(A) and (B) ('*shall immediately apply*' and '*shall immediately serve*'), makes it clear that compliance with the strict requirements of § 362(*l*)(1)(A) and (B) is to be measured as of the moment that the bankruptcy petition is filed."). The Certification is ineffective. *In re Torres*, No. 21-20483, 2021 WL 2189515, at *3 (Bankr. D. Conn. May 28, 2021) (holding that an untimely certification is not an effective certification under section 362(*l*)(1)). Moreover, the Debtor cannot comply with section 362(*l*)(1)(A) because he is not a tenant under the lease, and the October Order did not arise from a monetary default by the Debtor. *See In re Griggsby*, 404 B.R. 83, 88-89 (Bankr. S.D.N.Y. 2009) (holding that section 362(*l*) does not apply where the judgment of possession is based on a non-monetary default). Nonetheless, the Court finds that the Landlord is not entitled to relief under section 362(*l*)(3)(B)(i) because the Landlord does not benefit from the limited exception to the application of the automatic stay under section 362(b)(22).

In analyzing section 362(b)(22) of the Bankruptcy Code, courts have determined that the use of the word "tenant" in the statute reflects a formal landlord-tenant relationship between the debtor and the landlord. *See In re Dennen*, 539 B.R. 182, 185 (Bankr. D. Colo. 2015) (holding that "the language used in § 362(b)(22) is specific to the type of landlord-tenant relationship that

11

is formed under a 'lease or rental agreement.'"). Section 362(b)(22) does not apply where movant has not claimed it is an individual's lessor or that it had a lease with that individual. *In re McCray*, 342 B.R. 668, 669 (Bankr. D.D.C. 2006); *see also In re Zackowski*, No. 22-30019, 2022 WL 2111054, at *2 (Bankr. D. Conn. June 10, 2022) (holding section 362(b)(22) inapplicable where eviction judgment was brought by purchaser of property at foreclosure where that purchaser did not have "a lease or rental agreement with a debtor occupying the property").

Throughout the course of the litigation in the Ejectment Action, the Landlord has argued, successfully, that Debtor is not a party to the Lease. *See, e.g.*, January Affidavit ¶ 12; April Order at 1. In moving for summary judgment in the Ejectment Action, the Landlord argued that the Debtor does not have any independent possessory right to the Premises, and that his right to the Premises, if any, is entirely dependent on Chalek's right as the tenant under the Lease. *See Affirmation in Support of Plaintiff's Motion for Summary Judgment*, NYSCEF No. 162 ¶¶ 46-52. The Landlord does not argue otherwise in this case. The Landlord has obtained a judgment of possession of the Premises against the Debtor. However, the Debtor does not reside in the Premises "as a tenant under a lease or rental agreement." 11 U.S.C. § 362(b)(22). Section 362(b)(22) of the Bankruptcy Code is not applicable to the Landlord's prosecution of the Ejectment Action against the Debtor.[20] The Landlord is not entitled to relief against the Debtor under section 362(*l*)(3)(B).

---

[20] Given the Court's determination that section 362(b)(22) does not apply, it is not necessary for the Court to address the arguments the Debtor raises in his Response.

12

**Conclusion**

The Court overrules the Objection and denies the Landlord's request for relief under section 362(*l*)(3)(B) of the Bankruptcy Code.

IT IS SO ORDERED.

Dated: July 2, 2024
      New York, New York

      /s/ *James L. Garrity, Jr.*
      Honorable James L. Garrity, Jr.
      United States Bankruptcy Judge